IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ⏎ ⏎ Plaintiff, ⏎ ⏎ vs. ⏎ ⏎ RAKESHKUMAR VASANTLAL PATEL, ⏎ ⏎ Defendant. | 4:13-CR-3110 ⏎ ⏎ TENTATIVE FINDINGS |

The Court has received the presentence investigation report (PSR) in this case. The defendant has objected to certain aspects of the PSR (filing 67). There are no motions for departure or variance pending.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has objected to several aspects of the PSR. First, he objects the PSR's characterization of the parties' plea agreement as containing non-binding sentencing recommendations, pursuant to Fed. R. Crim. P. 11(c)(1)(B), as opposed to a binding agreement that the Court impose a specific sentence or sentencing range, pursuant to Rule 11(c)(1)(C). *See*, PSR ¶¶ 10–14; filing 67 at ¶ 1.B; filing 58. This objection will be resolved at sentencing.

    The defendant next asserts that there are several factual inaccuracies in the PSR. For example, the defendant states that, contrary to the PSR, he did not complete his high school education, and that he was 19 years old when he entered the United States, rather than 21 years old. Filing 67 at ¶ 1.A. The defendant also objects to paragraphs 1, 57, and 58 of the PSR, as well as the statement regarding his "true" name in paragraph 5. Filing 67 at ¶ 1.C. The Court tentatively finds that a ruling on these disputed portions of the PSR is unnecessary, as they will not affect the defendant's sentence, *see* Fed. R. Crim. P. 32(i)(3)(B), and that the objections should be denied as moot.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than 5:00 p.m., January 3, 2014) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 31st day of December, 2013.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge